### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| KIMEDA MCGINNIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11 C 8475 |
| | ) | |
| ROBERT ROWELS, JESSE MONTGOMERY, and MICHAEL P. RANDLE, | ) ) ) | |
| | ) | **JURY DEMANDED** |
| Defendants. | ) | |

## AMENDED COMPLAINT

For her Amended Complaint against defendants, plaintiff Kimeda McGinnis ("McGinnis") states as follows:

### JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 to seek redress of injuries suffered by Plaintiff based on the violation of her constitutional right under the Eighth and Fourteenth Amendments of the United States Constitution to be free from cruel and unusual punishment. Therefore, jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343(a)(3).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the plaintiff's claims for relief are based on events that occurred in the Northern District of Illinois.

### JURY DEMANDED

3. Plaintiff hereby demands that all issues so triable are decided by a jury of not less than six (6) persons.

**PARTIES**

4. At all relevant times, McGinnis was a resident of the City of Chicago, Illinois, and a citizen of the United States.

5. At all relevant times, Defendant Robert Rowels ("Rowels") was a Parole Officer with the Illinois Department of Corrections ("IDOC"). Upon information and belief, Rowels had been working as a parole officer with the IDOC since 2001. In that capacity, Rowels was responsible for supervising Ms. McGinnis while she was on parole. Rowels was acting under color of State law when he participated in the violation of the Plaintiff's civil rights complained of herein.

6. Upon information and belief, at all relevant times Defendant Jesse Montgomery ("Montgomery") was the Chief of the Parole Division with the IDOC. Upon information and belief, Montgomery was responsible for the day-to-day management of the Parole Division and, acting under color of State law, took part in establishing and enforcing the policies and rules of the division.

7. Upon information and belief, at all relevant times Defendant Michael Randle ("Randle") was the Director of the IDOC. Upon information and belief, Randle was also responsible for the management of the Parole Division and every other department under the IDOC. Acting under color of State law, took part in establishing and enforcing the policies and rules of the division.

**FACTUAL ALLEGATIONS**

8. Plaintiff realleges and incorporates by reference paragraphs 1 through 7 as if fully set out herein.

9. At all relevant times herein, Defendants were officials of an entity created under State authority, were "persons" for purposes of 42 U.S.C. § 1983, and acted under the color of state law.

10. In or about December 2009, the IDOC assigned Rowels as Ms. McGinnis's parole officer.

11. In or about December 2009, shortly before Christmas, Rowels made his first visit to Ms. McGinnis's residence. During that initial visit, Officer Rowels took Ms. McGinnis to the bedroom and ordered her to perform a sexual act upon him. Officer Rowels threatened Ms. McGinnis and told her that if she did not "help him out" (i.e., perform the sex act), he would send her back to jail. He also stated that no one at the IDOC would take her word over his if anyone discovered the incident. After Ms. McGinnis performed the act, Officer Rowels left and told Ms. McGinnis to "have a nice holiday."

12. On or about January 6, 2010, Officer Rowels returned to Ms. McGinnis's place of residence. This time, Officer Rowels ordered Ms. McGinnis to enter his state-issued vehicle, drove Ms. McGinnis to an alley near her home, and forced her to perform a sex act in the vehicle. Once again, Officer Rowels threatened to send Ms. McGinnis back to jail if she did not comply.

13. Officer Rowels had been a parole officer since 2001 and Ms. McGinnis is not the first parolee whom Officer Rowels forced to perform a sex act under pain of going back to jail. And his willingness to coerce Ms. McGinnis during his first visit with her, *inter alia*, demonstrates that the IDOC does little, if anything, to control such behavior amongst its parole officers.

14. The IDOC never informed Ms. McGinnis of any procedure through which she could report Officer Rowels' behavior. In fact, at all times the IDOC's actions confirmed Officer Rowels's statement that no one would believe her if she said anything.

### Count I -- 42 U.S.C. § 1983
### Cruel and Unusual Punishment

15. Plaintiff realleges and incorporates by reference paragraphs 1 through 14 as if fully set out herein.

16. As described above, the conduct of Officer Rowels and the policies of the IDOC, which were established and/or enforced by defendants Montgomery and Randle, subjected Ms. McGinnis to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the Constitution of the United States of America.

17. At all times relevant to this Complaint, Rowels, Montgomery and Randle were acting under the color of state law.

18. In or about December 2009 and January 6, 2010, Officer Rowels committed one or more of the following acts of deliberate indifference for the physical and mental health, safety, and welfare of Plaintiff:

    a. Forced her to perform sex acts;

    b. Mentally abused and manipulated her; and

    c. Was otherwise deliberately indifferent to her health and welfare.

19. During their terms as Director and Chief, defendants Montgomery and Randle, acting jointly and having conspired together, committed one or more of the following acts of deliberate indifference and conscious disregard for the health, safety and welfare of IDOC parolees:

4

    a.    Receiving and ignoring reports that defendant Rowels and other parole officers had sex with female parolees;

    b.    Encouraging the type of misconduct at issue here by (i) refusing to provide parolees an opportunity to openly, confidentially, and fairly report the misconduct of parole officers without fear of reprisal; (ii) failing to notify parolees of their right to such an opportunity; and (iii) failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

    c.    Facilitating the type of misconduct at issue here by failing to adequately investigate, punish and/or discipline prior instances of similar misconduct – including, upon information and belief, by delaying and discouraging investigations into allegations of misconduct - thereby leading parole officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

    d.    Being aware of, and condoning and facilitating by their inaction, a "code of silence." Parole officers and their supervisors routinely fail to report instances of misconduct and lie to protect each other from punishment, and go undisciplined for doing so;

    e.    Failing to implement any rules that gave Officer Rowels any reservations about committing the misconduct at issue in this matter on his very first visit to Ms. McGinnis;

    f.    Upon information and belief, failing to act to remedy the patterns of abuse in the Parole Division, despite actual knowledge of the same, thereby causing the types of injuries alleged here; and

    g.    Committing other acts of deliberate indifference and conscious disregard for the health, safety and welfare of IDOC parolees.

20.     The misconduct described in this Complaint was objectively unreasonable, unconscionable, and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

21.     The misconduct described in this Complaint was undertaken with malice, willfulness, and reckless indifference to the rights of others.

22. As a direct and proximate result of one or more of the foregoing wrongful acts and omissions, Ms. McGinnis was deprived of rights, privileges, and immunities guaranteed by the Eighth Amendment to the United States Constitution in that she was sexually abused on more than one occasion and thereby suffered serious personal physical injuries, emotional distress and other harm.

WHEREFORE, McGinnis demands compensatory damages, jointly and severally, from the Defendants. Plaintiff also demands punitive damages, costs and attorneys' fees.

## COUNT II
### Assault Against Rowels

23. McGinnis realleges and incorporates by reference paragraphs 1 through 22 as if fully set out herein.

24. That in or about December 2009, on or about January 6, 2010, and at all relevant times, it was the duty of Rowels to refrain from injuring parolees, including, but not limited to, Ms. McGinnis.

25. That notwithstanding said duties, Rowels committed one or more of the following careless and/or negligent acts and/or omissions and/or willful actions thereby breaching their duties in one or more of the following respects:

 a) Carelessly, negligently, and/or maliciously failed to protect McGinnis from danger;

 b) Carelessly, negligently, and/or maliciously failed to insure the well-being and physical safety of McGinnis;

 c) Carelessly, negligently, and/or maliciously failed to forego injuring McGinnis; and/or

 d) Was otherwise careless, negligent and/or malicious such that McGinnis was injured.

26. That as a direct and proximate result of Officer Rowels' careless, negligent, and malicious conduct, McGinnis suffered and sustained injuries, endured pain and suffering of a temporary and permanent nature, experienced losses of normal life activities, incurred expenses for medical care and attention, and suffered severe emotional distress.

WHEREFORE, McGinnis demands compensatory damages, jointly and severally, from the Defendants. Plaintiff also demands punitive damages, costs and attorneys' fees.

Respectfully Submitted,

KIMEDA MCGINNIS

By: /s/ Keith E. Allen
    One of her attorneys

Keith E. Allen, #6271854
Law Offices of Keith E. Allen, Ltd.
4320 Winfield Road, Suite 200
Warrenville, Illinois 60555
630-846-0501

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that he caused to be served the foregoing *Amended Complaint* via the Court's electronic filing system on February 13, 2012 on:

    Kevin R. Lovellette
    Chloe G. Pedersen
    Office of the Illinois Attorney General
    100 W. Randolph, 13th Floor
    Chicago, Illinois 60601


                                            /s/ Keith E. Allen